## FULLER v. AMERICAN TELEPHONE & TELEGRAPH CO.

### No. 3353.

·Circuit Court of Appeals, First Circuit.

Nov. 5, 1938.

Leon Aronson, of Boston, Mass., for appellant.

James N. Clark, of Boston, Mass. (Powers & Hall, of Boston, Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and McLELLAN, District Judge.

PER CURIAM.

This is an appeal from a final order of the Federal District Court of Massachusetts in accordance with Rule 39 of that court, which provides that a demurrer to a declaration having been sustained and no motion to amend a declaration having been made within ten days, on motion a final order may be entered as of course disposing of the case. The declaration contained two counts, but the plaintiff now relies solely on the second count, which she contends states a cause of action predicated on deceit. The defendant contends that it is based on negligence.

It is agreed that count one does not comply with Sec. 7 of Chap. 231 of the Massachusetts General Laws (Ter.Ed.) 1932, which requires that each count of a declaration must state concisely and with substan-

tial certainty the necessary substantive facts to constitute a cause of action. It is claimed by the defendant's counsel that the second count is defective for the same reason.

■ Disregarding the several allegations as to the defendant's duty, which are allegations of law, and which are not admitted by defendant's demurrer, the allegations of fact in the second count are that, in the performance of his duties as a commercial representative of the defendant, the plaintiff's husband fell and suffered injuries to his scalp and skull, but it is not alleged that his injuries were due to any negligence of the defendant; that he was taken to a hospital maintained by the defendant for the treatment of its employees, where an examination of his injuries disclosed that he was suffering from a fractured skull, as well as lacerations of his scalp; that the defendant should have known that the condition disclosed as to her husband's injuries would lead to a diseased condition of the brain; that the defendant wilfully concealed his condition from the plaintiff, and deceived the plaintiff by assuring her that he was only suffering from a laceration of the scalp; that as a result of the plaintiff's ignorance of the actual condition of her husband, she surrendered and loaned to him various sums of money, which have never be repaid and which she has lost; that in so lending said sums of money to her husband the plaintiff relied on the assurance of an executive agent of the defendant that her husband was in a condition to conduct a new business venture to which the said loans were applied; that such assurance was made for the purpose of deceiving the plaintiff and lulling her into a false sense of security with reference to her husband's condition; that the defendant has deliberately and wantonly concealed the condition of her husband from her, and that as a result the plaintiff has lost the love, affection and companionship of her husband; has been forced to secure a separate order of support from the court; and has suffered severe mental anguish, pain and suffering, and has lost considerable sums of money.

■ The obvious defects in this count are that there is no allegation that there were any relations existing between the defendant and her husband, or between the defendant and her that required the defendant to inform her of her husband's condition, or any allegation that the defend-

ant had knowledge of his condition, but only that it should have known of it; nor did any assurance of an executive agent of the defendant as to her husband's condition furnish any right of action against the defendant, there being no allegation that as such executive agent he had authority to give such assurance, or that it was a part of his duties as such executive agent to inform the plaintiff of the actual condition of her husband, or that he knew of it; nor are there any allegations of fact from which it would follow as a matter of law that the defendant was bound by any assurances or representations such agent made. Neither are the allegations of damages suffered such as legally flow from the alleged actions of the defendant. Therefore, whatever the grounds on which the action was brought, whether on deceit or negligence, the second count fails to state concisely and with substantial certainty a cause of action.

The judgment of the District Court is affirmed with costs.